**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:09-CV-116-JHM**

**MARJORIE FARMER, ATTORNEY IN FACT**
**OF RUSSELL GLENN FARMER,**                                                    **PLAINTIFF**

**V.**

**LOGAN COUNTY, KENTUCKY, et al.**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DN 38] and Motion to Strike and Substitute the Affidavit of Bill Jenkins [DN 44]. Fully briefed, this matter is ripe for decision.

**I. STANDARD OF REVIEW**

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing a genuine issue

for trial." Fed. R. Civ. P. 56(e)(2). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

On August 28th, 2008, Russell Farmer was arrested and lodged in the Logan County Detention Center following a grand jury indictment on multiple counts of rape, sodomy, sexual abuse, and incest involving his daughter. When he was booked into the jail, Farmer asked that he be placed in a cell with other people or a television, but not in isolation. Russell Offutt, the supervisory deputy jailer on duty placed Farmer in a maximum security cell with other pre-trial detainees. At approximately 10 p.m. on August 30th, Farmer was laying on the cell floor with a blanket, when another inmate in Farmer's cell, Warner "Cotton" Powell, was called to the jailer's desk to speak with Deputy Jailer Offutt. Farmer could not see or hear Powell and Offutt's conversation. Farmer testified that Powell returned from the desk, entered his own cell and then slammed the door shut. Shortly after this, a third inmate, Michael Brewer yanked Farmer's blanket off of him and told Farmer to stand up. Once Farmer stood up, he was immediately attacked by at least six inmates. As he was being attacked, he made his way over to the glass wall adjoining the deputies' station and began pounding on the glass seeking help. Deputy Jailers Thomas and Offutt entered the cell immediately and broke up the fight. Farmer believes the attack lasted approximately one minute.

After the attack was stopped, Deputy Jailers Thomas and Offutt escorted Farmer to the nurse's station where they summoned Nurse Shifflett, who was offsite, and cleaned the injuries to

Farmer's head. Farmer testified that it took Nurse Shifflett approximately thirty to forty-five minutes to arrive. Once she arrived she examined and cleaned Farmer's injuries again. Farmer requested to be taken to the hospital but Nurse Shifflett did not believe his injuries were serious enough to warrant a hospital visit. After fifteen to twenty minutes of discussion, Nurse Shifflett agreed to let Farmer go to the hospital.

Farmer was taken to the hospital by Deputy Jailer Thomas in the back of a patrol car. He was able to walk to the patrol car and into the emergency room under his own power. Once at the hospital he was examined by a nurse almost immediately and saw the emergency room doctor five to ten minutes after seeing the nurse. Farmer sustained a cut to his ear and several cuts to the back of his head and remained in the hospital for two to three days. His injuries required no surgery or stitches and his treatments were limited to an IV, blood pressure medication, and periodic blood draws. When Farmer was released from the hospital and returned to the detention center he had no prescribed medications and no permanent scaring from his injuries. He has not sought medical or psychiatric treatment for the incident at the Logan County Detention Center since his release from the hospital.

### III. DISCUSSION

Plaintiff Marjorie Farmer, the mother and attorney in fact for Russell Farmer, has filed suit against several Logan County, Kentucky officials and deputy jailers in both their individual and official capacities. Plaintiff's suit alleges that Russell Farmer suffered injuries as a result of an assault that occurred while in custody at the Logan County Detention Center and the medical treatment he received immediately afterward. Plaintiff alleges violations of 42 U.S.C. § 1983, K.R.S. § 344, common law negligence, outrageous conduct, negligent infliction of emotional

distress, and civil conspiracy.

## A. § 1983

Section 1983 establishes "a cause of action for deprivation under color of state law, of any rights, privileges or immunities secured by the Constitution or laws of the United States." Horn v. Madison County Fiscal Court, 22 F.3d 653, 656 (6th Cir. 2002). The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials must "ensure that inmates receive[] adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. at 832-33 (citation omitted). "The Eighth Amendment prohibition against cruel and unusual punishment applies to pretrial detainees through the Fourteenth Amendment's Due Process Clause." Davis v. Brian, 182 F.3d 916, *3 (6th Cir. 1999) (Table). Plaintiff claims that Defendants violated Farmer's constitutional rights through their deliberate indifference to his safety and medical needs and by failing to properly train and supervise the jailers at the Logan County Detention Center.

## i. Deliberate Indifference to Safety

Plaintiff first alleges that the Defendants were deliberately indifferent to Farmer's safety. A claim of deliberate indifference to safety has both an objective and a subjective component. Browning v. L.T. Pennerton, 633 F. Supp. 2d 415, 430 (E.D. Ky. 2009). The objective component requries the inmate to show he is incarcerated under conditions posing a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. at 834. The subjective component requires a showing that the prison official acted with deliberate indifference to the prisoner's safety. Id. In Browning, the court cited Savocchio v. Crabtree extensively in its description of deliberate indifference. The court in

Savocchio stated as follows:

> "Deliberate indifference" is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

> However, prison officials avoid liability if "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. "A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,'" not absolute safety. Farmer, 511 U.S. at 844 (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)."

Savocchio v. Crabtree, 1999 WL 562692, *5 (D. Or. 1999).

It cannot be overlooked that "prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another." Farmer v. Brennan, 511 U.S. at 858. Even if prison officials actually knew of a substantial risk to the safety of an inmate, "they may be found free from liability if they 'responded reasonably to the risk, even if the harm ultimately was not averted.'" Davis v. Brian, 182 F.3d 916, *4 (6th Cir. 1999) (Table) (quoting Farmer v. Brennan, 511 U.S. at 844)).

Defendants claim that Plaintiff cannot prove either the objective or subjective component necessary for a successful deliberate indifference to safety claim. Defendants contend that placing Farmer in a general population cell did not create a substantial risk of physical injury. Defendants also contend that if such a risk did indeed exist, that there is no evidence that Defendants were aware of such a risk or that they disregarded that risk. Plaintiff claims that an "individual lodged for multiple counts of rape, sodomy, sexual abuse and incest against anyone, much less their [sic] own minor daughter, have [sic] an increased risk of being assaulted by other inmates." (Pls. Response 5.) Plaintiff contends that the Deputy Jailers responsible for booking Farmer failed to adequately

5

provide for his safety when they placed him in a maximum security general population cell knowing the offenses with which he was charged.

An examination of the subjective component reveals that there was no deliberate indifference to safety.[1]  Plaintiff has produced no evidence that any of the deputy jailers knew that Farmer was exposed to an excessive risk of serious harm by being placed in a cell with the general population.

Farmer requested to be placed in a cell with other people and Plaintiff has not demonstrated that the deputy jailers were aware of a specific threat against Farmer by any other inmates.  Plaintiff has not argued that there was a history or pattern of sexual offenders being assaulted in the Logan County Detention Center such that the deputy jailers would be aware of a general threat to Farmer. Nor has Plaintiff identified that the Logan County Detention Center had a policy requiring that sexual offenders be housed in segregated cells away from the general population.

Furthermore, Deputy Jailers Offutt and Thomas reasonably responded to the assault on Farmer.  Deputy Jailer Thomas entered the cell and stopped the assault within sixty seconds of the attack beginning.  Deputy Jailers Offutt and Thomas then escorted Farmer to the nurses station, paged Nurse Shifflett, and began administering first aid.  The Eighth Amendment does not require absolute protection, it only requires reasonable protection and a reasonable response, both of which occurred in this case.

Given Farmer's request to be placed in a cell with other people, the lack of knowledge regarding any threat to Farmer, and the deputy jailers responses upon learning of the assault, it cannot be said that the deputy jailers were deliberately indifferent to the safety of Farmer.

---

[1] Because the examination of the subjective component disposes of this claim, the Court need not address the objective component.

6

Therefore, Defendants' motion for summary judgment on this claim is granted.

## ii. Deliberate Indifference to Medical Needs

Plaintiff also contends that the Defendants were deliberately indifferent to Farmer's medical needs following the assault. A constitutional claim for deliberate indifference to serious medical needs also requires satisfaction of an objective requirement and a subjective requirement. For the objective component, the detainee must demonstrate "the existence of a 'sufficiently serious' medical need." Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. at 834). For the subjective component, the detainee must demonstrate that the defendant possessed "a sufficiently culpable state of mind" in denying medical care. Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000).

The subjective component "requires a showing of 'something more than mere negligence. Rather, the individual must have 'recklessly disregard []' the risk." Meier v. County of Presque Isle, 376 Fed. Appx. 524, 528 (6th Cir. 2010) (internal citation omitted). Allegations of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis fail to state a cause of action. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Here, the record reflects that Deputy Jailers Offutt and Thomas were not deliberately indifferent to Farmer's medical needs. The deputy jailers immediately took Farmer to the nurses station and paged Nurse Shifflett who was offsite. It took thirty to forty-five minutes for Nurse Shifflett to arrive, during which time Deputy Jailers Offutt and Thomas administered first aid to

Farmer. Fifteen to Thirty minutes after Nurse Shifflett arrived and examined Farmer, Farmer was taken to the hospital and admitted into the emergency room. Farmer required no surgery or stitches for his injuries and he has no permanent scaring as a result of those injuries. Plaintiff's primary complaint seems to be that Farmer should have been taken to the hospital sooner and he should have been transported in an ambulance and not a patrol car. However, the "law does not require the best, or even the better, course. It requires only that the course taken not be reckless," Meier, 376 Fed. Appx. at 529, and the deputy jailers' actions were not reckless. Therefore, Defendants' motion for summary judgment on this claim is granted.

### iii. Failure to Train or Supervise

Along with the claims for deliberate indifference, Plaintiff also filed suit against Judge Executive Chick, the members of the Fiscal Court, and Jailer Jenkins in their individual capacities for failure to properly train and supervise the deputy jailers at the Logan County Detention Center. "Section 1983 liability must be premised on more than mere respondeat superior, the right to control one's employees." Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). To establish supervisory liability in a § 1983 action,

> [t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (citing Hays v. Jefferson County, Ky., 668 F.2d 869, 872-74) (6th Cir. 1982)).

"[F]or a supervisor to be liable under Section 1983, there must have been an underlying constitutional violation." Aull v. Osborne, 2009 WL 111740, *8 (W.D. Ky. 2009) (quoting Blyden

8

v. Mancusi, 186 F.3d 252, 265 (2d Cir. 1999)) (internal quotation marks omitted). Having found no underlying constitutional violation, Defendants' motion for summary judgment on this claim is granted.

### iv. Official Capacity Suits

Plaintiff has sued each of the Defendants in his or her official capacity as well. A suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Therefore, the official capacity claim against the Defendants is actually a claim against the municipality, Logan County. Stemler v. City of Florence, 126 F.3d 856, 864 n.8 (6th Cir. 1997); Rothhaupt v. Maiden, 144 Fed. Appx. 465 (6th Cir. 2005). A municipality is a "person" liable to suit under § 1983. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978).

In order for a municipality to be held liable under § 1983, the Plaintiff must show that a municipal policy, custom, or practice led to the constitutional deprivation alleged. Graham, 473 U.S. at 166; Doe v. Claiborne County, 103 F.3d 495, 507 (6th Cir. 1996) (citing Monell, 436 U.S. at 690-91). Because Logan County can only be held liable if there is a showing of liability on the part of its officials, the determination that the County's officials did not violate Farmer's constitutional rights resolves the claim against the County as well. See Blackmore v. Kalamazoo County, 390 F.3d 890, 900 (6th Cir. 2004); Scott v. Clay County, 205 F.3d 867, 879 (6th Cir. 2000) (noting that the "conclusion that no officer-defendant had deprived the plaintiff of any constitutional right a fortiori defeats the claim against the County as well"). Accordingly, Defendants' motion for summary judgment as to the official capacity claims is granted.

### v. State Law Claims

Having dismissed the Plaintiff's federal claims, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Therefore, Plaintiff's pendent state law claims are dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to strike and substitute the affidavit of Bill Jenkins [DN 44] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment by Defendants, in their individual capacities and in their official capacities, [DN 38] is **GRANTED**. Plaintiff's federal claims are dismissed with prejudice. The state law claims are dismissed without prejudice. A judgment will be entered consistent with this Opinion.

cc: counsel of record